# CUCCIO AND CUCCIO, P.C.
## COUNSELLORS AT LAW

45 ESSEX STREET

HACKENSACK, N.J. 07601

(201) 487-7411

FAX (201) 487-6574

FRANK J. CUCCIO (1918-2002)
EMIL S. CUCCIO\*°†

\*ADMITTED N.J.
°ADMITTED N.Y.
†ADMITTED DIST. OF COLUMBIA

REPLY TO:

P.O. BOX 2223
SO. HACKENSACK, N.J.
07606

May 29, 2018
#26157

**VIA ECF AND E-MAIL**

Hon. Kathryn Ferguson, Chief Judge
United States Bankruptcy Court
District of New Jersey
Clarkson Fisher Courthouse
402 E. State Street
Trenton, NJ 08608

**Re:  In Re Bijan A. Patel, Case No. 17-24676 (KCF)**
   **McDonnell v. Patel, Adv. Proc. No. 17-01745 (KCF)**
   **McDonnell v. Patel, et al, Adv. Proc. 17-01746 (KCF)**

Dear Judge Ferguson:

This firm represents the defendants, Priti Patel and Jignesh Patel ("Defendants"), in connection with Adversary Proceeding N. 17-01746. Please accept this letter filed on behalf of said defendants in support of the Trustee's motion approving the proposed settlement of the above adversary proceedings and in response to the objections to the Trustee's motion filed by Itria Ventures, LLC ("Itria").

For the sake of brevity, the Defendants join in and incorporate the arguments submitted in support of the Trustee's motion by counsel for the Trustee and the Debtor.

Without any substantive support, Itria Argues that the Trustee's settlement of the claim against the Defendants should be set aside on the bases that the value of Nine Hoboken, LLC (the "Restaurant") is $1,500,000, and the value of the Debtor's transfer of his 50% interest in the Restaurant to the Debtor therefore should have been $750,000. Thus, Itria claims that the Trustee's settlement of the fraudulent conveyance action against the Defendants for $65,000 was not in the best interest of the estate and should be set aside.

This argument has no valid support by extrinsic valuation and ignores the fact that the Defendants asserted substantive defenses to the Trustee's action to set aside the conveyance that could have rendered the Trustee's recovery uncertain, but certainly would have required continued protracted litigation during which the Restaurant would have remained idle while its lease and other payables would continue to accrue. As noted by the Trustee in his supporting papers, he did not have the authority to operate the business which would have negatively impacted its value and result in the potential total loss of the business.

The parties attended mediation on March 29, 2018, pursuant to your Order of February 18, 2018, and jointly selected Peter J. Broege, Esq., as mediator. Mr. Broege is an acknowledged expert in bankruptcy matters and, after reviewing various documents and mediation statements, and discussed the substantive issues with the parties, assisted them into formulating a settlement that took into consideration not only the value of the Restaurant, but the complexity of the litigation, substantial administrative and litigation expenses, and the resources of the Debtor's estate to continue the adversary proceedings. In short, the mediator was able to mold a settlement based upon his firsthand knowledge of the parties' positions and documentation supplied in the course of the mediation process. Consequently, the matter was resolved and the parties executed a memorandum of settlement on March 29, 2018.

Based upon the foregoing, along with the arguments raised by counsel for the Trustee and Debtor in their responses to Itria's objections, it is respectfully submitted that the settlement that was reached and incorporated into the Settlement Agreement is fair and equitable, and should be approved.

Respectfully submitted,

S/ Emil S. Cuccio
Emil S. Cuccio, Esq. (4940)

cc  Brian T. Crowley, Esq. (Via E-mail: bcrowley@mchfirm.com)
    Michael P. Otto, Esq. (Via E-mail: motto@ottolawoffice.com)
    John J. Winter, Esq. (Via E-mail: jwinter@chartwelllaw.com)