**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee/Plaintiff*

Order Filed on June 4, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BIJEN A. PATEL<br><br>Debtor. | Case No. 17-24676 (KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>BIJEN A. PATEL<br><br>Defendant. | Adv. Pro. No. 17-01745 (KCF) |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>PRITI PATEL and JIGNESH PATEL.<br><br>Defendants. | Adv. Pro. No. 17-01746 (KCF) |

## STIPULATION AND CONSENT ORDER

DATED: June 4, 2018
The relief set forth on the following pages, numb _____ hereby **ORDERED**.

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between the plaintiff, John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of Bijen A. Patel, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, the Debtor a defendant, by and through his counsel, Law Office of Michael P. Otto, LLP, and Priti Patel ("Defendant Priti") and Jigneshl Patel ("Defendant Jignesh" and together Defendant Priti, collectively the "Insider Defendants"), by and through their counsel, Cuccio & Cuccio. The Debtor and the Insider Defendants, are collectively defined herein as the "Defendants". The Defendants and the Trustee are collectively defined herein as the "Parties". The Parties hereby stipulate and agree as follows:

WHEREAS, on July 20, 2017 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 7 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Court Docket in *In re Bijen A. Patel*, Case No. 17-24676 (KCF) (the "Main Case Docket"), No. 1; and

WHEREAS, on July 21, 2017, John M. McDonnell, Esq. was appointed the Trustee for the Debtor, has duly qualified and is acting in that capacity. *See* Main Case Docket No. 3; and

WHEREAS, the 341(a) meeting (the "341 Meeting") of creditors was held on August 18, 2017. *See* Main Case Docket *generally*; and

WHEREAS, based upon information and belief, the Trustee requested certain documents and information at the 341 Meeting, including, information on the Debtor's interest in any bank

(Page 3)

Debtor:            Bijen A. Patel
Case No.:          17-24676 (KCF)
Adv. Proc. Nos.:   17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:  Stipulation and Consent Order

---

accounts.   Also at the 341 Meeting, the Trustee issued and served a Bankruptcy Rule 2004

subpoena (the "Rule 2004 Subpoena") to the Debtor; and

WHEREAS, the Trustee asserts, the Debtor failed to properly respond to the Rule 2004

Subpoena with the turnover of the documents sought in the subpoena; and

WHEREAS, the original deadline to object to the Debtor's discharge was October 17,

2017. *See* Main Case Docket *generally*; and

WHEREAS, on October 17, 2017, the Trustee filed his *Motion Order Extending the Time*

*for the Chapter 7 Trustee and/or the United States Trustee to Object to the Debtor's Discharge*

(the "Motion to Extend"). *See* Main Case Docket No. 31; and

WHEREAS, on November 28, 2017, the Bankruptcy Court entered and Order (the

"Extension Order") granting the relief sought in the Motion to Extend. *See* Main Case Docket

No. 33; and

WHEREAS, pursuant to the terms of the Extension Order, the subsequent deadline to

object to the Debtor's discharge was January 16, 2018. *See* Main Case Docket No. 33; and

WHEREAS, on Schedule "B" of the Petition the Debtor lists a 50% ownership in "9

Hoboken, LLC" with a listed valued of "$0." *See* Main Case Docket No. 1; and

WHEREAS, based upon information and belief, "9 Hoboken, LLC" or "Nine Hoboken,

LLC" ("Nine Hoboken") is a restaurant and bar operating as the "The Cuban" located at 333

Washington Street, Hoboken, New Jersey 07030; and

(Page 4)

Debtor:            Bijen A. Patel

Case No.:          17-24676 (KCF)

Adv. Proc. Nos.:   17-01745 (KCF); and 17-01746 (KCF)

Caption of Order:  Stipulation and Consent Order

---

WHEREAS, the Trustee asserts, within two (2) years prior to the Petition Date, the Debtor transferred at least a 30% to his ownership interest to his sister-in-law, Defendant Priti on December 1, 2015 for $1 (the "Priti Two Year Transfer"); and

WHEREAS, the Trustee also asserts, the Debtor transferred a 50% ownership interest in Nine Hoboken to Defendant Priti (the "Priti Transfer") to repay funds allegedly loaned on behalf of Nine Hoboken by her husband who is the Debtor's wife's brother or the Debtor's brother-in-law, Defendant Jignesh and/or not the legitimate repayment of any loan; and

WHEREAS, the Debtor also claimed that although a 50% ownership interest in Nine Hoboken still technically remains in his name, the Debtor gets no proceeds as part of repayment to the collectively the Insider Defendants and help them maintain the business due to the Insider Defendants inability to get a liquor license solely in their name; and

WHEREAS, the Trustee asserts that the Debtor has been unresponsive to the Trustee's requests for information related to various issues, including, but not limited to a substantive response to the Rule 2004 Subpoena. The Trustee also asserts there are outstanding questions as to potential transfers by the Debtor to third parties/insider and potential undisclosed/under-disclosed assets; and

WHEREAS, the Trustee notes Debtor has already had a complaint (the "Itria Complaint") filed against him, seeking among other things, to object to the discharge and the dischargeability of the Debtor. *See Itria Ventures LLC v. Patel, Adv. Proc. No.* 17-01671-KCF. The Parties all note a resolution of the Itria Complaint is not a part of this proposed settlement with the Trustee; and

(Page 5)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

WHEREAS, the Trustee asserts, the Debtor's failure to, among other things, properly disclose information related to potential assets and the possible transfer of assets and otherwise cooperate with the Trustee has acted to the detriment of the estate and in violation of the obligations the Debtor voluntary availed himself to with the filing of his Petition; and

WHEREAS, the Trustee further asserts, property of the Debtor was made to or for the benefit of Defendant Jignesh, the Debtor received less than a reasonably equivalent value in exchange for certain property transferred as it relates to the Debtor's ownership interest in Nine Hoboken within the four (4) years prior to the Petition Date (the "Jignesh Transfer").

WHEREAS, as reflected in the Insider Complaint (defined below), the term "Transfers" means the Priti Two Year Transfer, Priti Transfer and the Jignesh Transfer; and

WHEREAS, the Trustee asserts, pursuant to sections 544 and/or 548 of the Bankruptcy Code and applicable state law, at the time of the Transfers, the Debtor was insolvent, or became insolvent as a result of the Transfers. Therefore, conveyances of the Transfers constitute fraudulent transfers and the estate is entitled to, among other things, the ownership interests that compose the Transfers; and

WHEREAS, on November 29, 2017, the Trustee filed his complaint against the Debtor, seeking, among other things, to object to the Defendant's discharge, pursuant to section 727 of the Bankruptcy Code, and Fed. R. Bankr. P. 7008(b) and 7054 (the "Non-Dischargeability Complaint"); and

WHEREAS, on November 29, 2017, the Trustee also filed his complaint against the Insider Defendants, seeking, among other things, avoiding the Transfers and seeking damages in

(Page 6)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

the amount equal to the Transfers and the costs of legal fees, and related relief, pursuant to sections 502, 541, 542, 544, 548, and 550 of the Bankruptcy Code, and Fed. R. Bankr. P. 7008(b) and 7054 (the "Insider Complaint"); and

WHEREAS, the Trustee asserts an ownership position in 100% of Nine Hoboken, including the liquor license its holds; and

WHEREAS, the Debtor lists the following potential assets of the estate on Schedule "B" of the Petition "Lawsuit against Burgerfi") defined herein as the "Burgerfi Claim". The Debtor notes the litigation related to the Burgerfi Claim was dismissed in the court it was pending and is of unknown, if any, value: and

WHEREAS, following extensive good faith negotiations and mediation with Peter Broege, Esq., including a lengthy meeting on March 29, 2018, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2.    This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to this Stipulation and Consent

(Page 7)

Debtor:            Bijen A. Patel
Case No.:          17-24676 (KCF)
Adv. Proc. Nos.:   17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:  Stipulation and Consent Order

---

Order necessary to consummate the transactions contemplated by the Stipulation and Consent

Order also are APPROVED.

     3.     With the exception of paragraph no. 4 of this Stipulation and Consent Order, this

Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become

effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

     4.     Effective as of the date this Stipulation and Consent Order is executed by all the

Parties, the Defendants each hereby waive any and all rights to object to this Stipulation and

Consent Order and any pleading sought to approve the same.

     5.     The Defendants each expressly further waive their respective rights to appeal the

entry of this Stipulation and Consent Order.

     6.     The Defendants shall pay to the Trustee the sum of $65,000 (the "Settlement

Funds") by April 30, 2018 (the "Settlement Payment Deadline"). The Defendants shall make the

Settlement Funds payable by issuing a check payable to *"John M. McDonnell, Trustee for*

*Bijen A. Patel"* and delivering it to the following address:

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue**
**Red Bank, New Jersey 07701**

     7.     The Defendants shall have three (3) days from Settlement Payment Deadline to

cure a failure to timely pay the Settlement Funds on or before the Settlement Payment Deadline,

or a Consent Judgment in the amount of $200,000 shall be entered jointly and severally against

the Defendants. The form of Consent Judgment is annexed as **Exhibit "A."** The Trustee will

advise the Defendants of default by sending correspondence advising of default to Law Office of

(Page 8)

Debtor:          Bijen A. Patel
Case No.:        17-24676 (KCF)
Adv. Proc. Nos.: 17-01745 (KCF); and 17-01746 (KCF)
Caption of Order: Stipulation and Consent Order

---

Michael P. Otto, LLP, Attention: Michael P. Otto; and Cuccio & Cuccio, Attention: Emil Cuccio. The Consent Judgment is expressly incorporated herein to this Stipulation and Consent Order.

8.      The Defendants each expressly agree that they are jointly and severally liable for, and absolutely and unconditionally guarantees to the Trustee for the prompt payment of the Settlement Funds and performance of, all obligations and all agreements under this Stipulation and Consent Order. The Defendants each agree that their guaranty obligations hereunder constitute a continuing guaranty of payment of the Settlement Funds, that such obligation to pay the Settlement Funds shall not be discharged until the Settlement Funds have been paid to the Trustee in full, and that such obligation to pay the Settlement Funds to the Trustee are absolute and unconditional.

9.      The Debtor acknowledges the value received for the payment of the Settlement Funds with the resolution of the issues involving the Debtor, specifically the Complaint and the Adversary Proceeding, as noted herein which is considered more than adequate consideration.

10.     The Insider Defendants also acknowledge the value received for the payment of the Settlement Funds with the resolution of the issues involving the Insider Defendants, specifically the Transfers that the Trustee alleges are violable, pursuant to amount other things, sections 544 and 548 of the Bankruptcy Code, as noted herein which is considered more than adequate consideration.

11.     The Debtor submits that the Burgerfi Claim has little and/or no value. If, however, any value from the Burgerfi Claim is received in an amount of more than $15,000 the

(Page 9)

Debtor:              Bijen A. Patel
Case No.:            17-24676 (KCF)
Adv. Proc. Nos.:     17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:    Stipulation and Consent Order

---

Debtor has a continuing obligation to advise the Bankruptcy Court and the Trustee of any such value received as to the Burgerfi Claim that is great than $15,000 with such obligation surviving even after the Debtor's bankruptcy case is dismissed. A failure of the Debtor to advise the Trustee and/or the Bankruptcy Court will result in a waiver of the any claims waiver by the Trustee against the Debtor with the Trustee free to pursue any claims and/or causes of action against the Debtor before and/or after the Effective Date.

12.    The Debtor does hereby expressly and unconditionally waive any and all rights and/or claims to, and/or any right to claim as exempt, the Settlement Funds, and any proceeds derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003.

13.    The Defendants does hereby expressly and unconditionally waive any and all rights and/or claims to the Settlement Funds, and any proceeds derived therefrom, pursuant to any applicable law including.

14.    The Trustee shall retain the Settlement Funds for the benefit of the estate's creditors. The Settlement Funds shall be deemed property of the estate.

15.    The Debtor's discharge will not be entered by the Bankruptcy Court until after the Settlement Funds are paid in full. Should the Debtor receive his discharge of his debts prior to the payment of the full amount of the Settlement Funds, such discharge is void on its face and the Debtor consent to its immediate revocation by the Trustee.

16.    The Debtor and the Insider Defendants do hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest,

(Page 10)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Defendants have, had or may have against, the estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

17.    Upon the Effective Date, the Defendants, the Debtor, and the Insider Defendants hereby unconditionally and absolutely withdraw, dismiss, release, waive, and forever discharge with prejudice, any scheduled claim, administrative claims, secured claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Settlement Funds, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and any claim that they are or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged. The Defendants further waive any and all objections to the fee applications of the Trustee and/or Trustee's professionals. The Defendants represent and warrant that they will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate. The Defendants agree that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit

(Page 11)

Debtor:            Bijen A. Patel
Case No.:          17-24676 (KCF)
Adv. Proc. Nos.:   17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:  Stipulation and Consent Order

---

(whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estate, the Trustee, and/or the Trustee's professionals.

18.    Upon the Effective Date, and the performance of all obligations under this Stipulation and Consent Order by the Defendants, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges, the Defendants from any claims and/or causes of action related to the Insider Complaint, the Transfers, the Non-Dischargeability Complaint, provided the Defendants do not personally and/or jointly assert any claims/causes of action against the Trustee, the Trustee's professionals, and/or the estate. If the Defendants either personally and/or jointly assert any claims/causes against the Trustee, the Trustee's professionals, and/or the estate, then any such waiver of claims or causes by the Trustee and/or the estate is deemed void and Trustee and/or the estate may assert any claims, causes of action, and defenses the Trustee and/or the estate may have before and/or after the Effective Date. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

19.    Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, for true consideration as noted herein, hereby abandons back all the estate's rights, titles, ownership, and interests in the Nine Hoboken.

(Page 12)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

20.    To the extent any transfer of interest by the estate in the Nine Hoboken is considered a transfer of interest, property or otherwise to the Debtor, such transfers by the Trustee are essentially "as is, where is", with the Trustee making no warranties and/or representations of any kind as to the Nine Hoboken and/or any assets/property it may own.  The Debtor also takes any such interest in the Nine Hoboken, subject to all valid liens, claims, interests, and encumbrances.

21.    *This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties and/or any parties not a signatory to this Stipulation and Consent Order, including, but not limited to, defendants in adversary proceedings in the Debtor's bankruptcy proceeding that are already pending before the Bankruptcy Court.*

22.    It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party.  In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

(Page 13)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

23.    Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order, the Non-Dischargeability Complaint, the Insider Complaint, and/or the disputes settled by this Stipulation and Consent Order.

24.    This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

25.    The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

26.    No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

27.    The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

28.    This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto.    It is the intention of the Parties that this

(Page 14)

Debtor:              Bijen A. Patel
Case No.:            17-24676 (KCF)
Adv. Proc. Nos.:     17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:    Stipulation and Consent Order

---

paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

29.     This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

30.     This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

31.     The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

32.     The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.  Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

33.     The Defendants each expressly acknowledges that their attorney has advised them of the legal import and consequences of this Stipulation and Consent Order and the opportunity to seek any further legal advice as to this Stipulation and Consent Order.

(Page 15)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

34.     This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

35.     A facsimile and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF signatures.

36.     The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

     **IN WITNESS WHEREOF,** each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

(Page 16)

Debtor:            Bijen A. Patel
Case No.:          17-24676 (KCF)
Adv. Proc. Nos.:   17-01745 (KCF); and 17-01746 (KCF)
Caption of Order:  Stipulation and Consent Order

## AGREED AND STIPULATED:

**MCDONNELL CROWLEY, LLC**
*Counsel to John M. McDonnell, not*
*individually or personally, but as Chapter 7*
*Trustee for Bijen A. Patel /the Plaintiff*

By:_____

Name:BRIAN T. CROWLEY

Date: 4/25/2018

**LAW OFFICE OF MICHAEL P. OTTO, LLP**
*Counsel for Debtor/the Defendant,*
*Bijen A. Patel*

By:_____

Name: MICHAEL P. OTTO

Date: _____


**CUCCIO & CUCCIO**
*Counsel for the Defendants,*
*Priti Patel and Jigneshl Patel,*

By:_____

Name: EMIL S. CUCCIO

DATE: 04/16/2018

**BIJEN A. PATEL**
*The Debtor, the Defendant, and authorized person*
*to execute this Stipulation and Consent Order*

By:_____

Name: BIJEN A. PATEL

DATE: _____


**PRITI A. PATEL**
*The Defendant, and authorized person to*
*execute this Stipulation and Consent Order*

By:_____

Name: PRITI A. PATEL

Date: 04/16/2018

**JIGNESHL PATEL**
*The Defendant, and authorized person to execute*
*this Stipulation and Consent Order*

By:_____

Name: JIGNESHL PATEL

Date: 04/16/2018

(Page 16)

| | |
|---|---|
| Debtor: | Bijen A. Patel |
| Case No.: | 17-24676 (KCF) |
| Adv. Proc. Nos.: | 17-01745 (KCF); and 17-01746 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

## AGREED AND STIPULATED:

**MCDONNELL CROWLEY, LLC**
*Counsel to John M. McDonnell, not
individually or personally, but as Chapter 7
Trustee for Bijen A. Patel /the Plaintiff*

By:_____

Name: BRIAN T. CROWLEY

Date: _____

**LAW OFFICE OF MICHAEL P. OTTO, LLP**
*Counsel for Debtor/the Defendant,
Bijen A. Patel*

By:_____

Name: MICHAEL P. OTTO_____

Date: 4/16/18

**CUCCIO & CUCCIO**
*Counsel for the Defendants,
Priti Patel and Jigneshl Patel,*

By :_____

Name: EMIL S. CUCCIO

DATE:_____

**BIJEN A. PATEL**
*The Debtor, the Defendant, and authorized person
to execute this Stipulation and Consent Order*

By :_____

Name: BIJEN A. PATEL

DATE: 04-16-18

**PRITI A. PATEL**
*The Defendant, and authorized person to
execute this Stipulation and Consent Order*

By: _____

Name: PRITI A. PATEL_____

Date: _____

**JIGNESHL PATEL**
*The Defendant, and authorized person to execute
this Stipulation and Consent Order*

By: _____

Name: JIGNESHL PATEL_____

Date: _____

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-24676-KCF
Bijen A. Patel                                                          Chapter 7
Priti Patel
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Jun 05, 2018
                             Form ID: pdf903           Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 07, 2018.
db             +Bijen A. Patel,   4 Crane Place,    Spotswood, NJ 08884-1090

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 5, 2018 at the address(es) listed below:
          Brian Thomas Crowley    on behalf of Trustee John Michael McDonnell bcrowley@mchfirm.com,
           bcrowley@mcdonnellcrowley.com
          Brian Thomas Crowley    on behalf of Plaintiff John M. McDonnell bcrowley@mchfirm.com,
           bcrowley@mcdonnellcrowley.com
          Denise E. Carlon    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York,
           as Trustee for CWALT Alternative Loan Trust 2004-J1, Mortgage Pass-Through Certificates, Series
           2004- J1 dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Emil S. Cuccio    on behalf of Defendant Jignesh  Patel escuccio@aol.com
          Emil S. Cuccio    on behalf of Defendant Priti  Patel escuccio@aol.com
          John J. Winter    on behalf of Plaintiff   Itria Ventures LLC jwinter@chartwelllaw.com,
           amcclinton@chartwelllaw.com
          John J. Winter    on behalf of Creditor   Itria Ventures LLC jwinter@chartwelllaw.com,
           amcclinton@chartwelllaw.com
          John Michael McDonnell    jmcdonnell@mchfirm.com,   jcohen@mchfirm.com;NJ95@ecfcbis.com
          Marshall T. Kizner    on behalf of Creditor Swati  Patel mkizner@stark-stark.com
          Marshall T. Kizner    on behalf of Creditor Dilip  Shap mkizner@stark-stark.com
          Marshall T. Kizner    on behalf of Creditor Harisha A. Patel mkizner@stark-stark.com
          Marshall T. Kizner    on behalf of Creditor Pranav  Shastri mkizner@stark-stark.com
          Michael P. Otto    on behalf of Defendant Bijen A. Patel motto@ottolawoffice.com
          Michael P. Otto    on behalf of Debtor Bijen A. Patel motto@ottolawoffice.com
          Mindy R. Zlotogura    on behalf of Creditor   Indus American Bank mzlotogura@newmansimpson.com
          Peter  Broege    on behalf of Mediator Peter  Broege pbroege@bnfsbankruptcy.com,
           G1580@notify.cincompass.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William M.E. Powers    on behalf of Creditor   Wells Fargo Bank, N.A. as successor by merger to
           Wachovia Bank, N.A. ecf@powerskirn.com
          William M.E. Powers, III    on behalf of Creditor   Wells Fargo Bank, N.A. as successor by merger
           to Wachovia Bank, N.A. ecf@powerskirn.com
                                                                         TOTAL: 19